GULOTTA, Judge.
This suit involves six of eight forged checks drawn on the account of Weidemann and Fransen and cashed by the forger at Circle Food Store. Weidemann’s signature was forged. These checks were drawn on the Lee Circle branch of the National American Bank where Weidemann and Fransen had its account. Circle Food then deposited the checks for collection in the Broad-DeSoto branch of the National American Bank, where Circle Food maintained its account. The checks were not dishonored by the bank on the day (up to midnight) following the date of receipt of the checks by the bank as required by LSA-R.S. 6:67,[1] but were dishonored from 8 to 15 days after receipt.
From a judgment in favor of plaintiff in the total amount of the six forged checks, the defendant bank appeals. Although no reasons were assigned by the trial judge, implicit in his award is a conclusion that LSA-R.S. 6:67 is applicable and, because the bank failed to dishonor the checks timely, in accordance with the statute, the bank cannot dishonor or refuse payment on the forged checks.
*329 It is the bank’s contention that the one-day time period during which the bank is permitted to dishonor the checks is not applicable where separate banks are involved in the transaction. In this connection, the bank relies on LSA-R.S. 6:68(A) which provides, in pertinent part:
§ 68. Time of receiving demand item; credit; branch or office
“A. For the purposes of R.S. 6:67: * * * (3) Each branch or office of a bank shall be deemed a separate bank.”
The bank claims that each branch or office of a bank shall be deemed a separate bank according to LSA-R.S. 6:68; that this transaction involved two separate branches of the National American Bank; and that the one-day dishonor period is not applicable where “separate” banks are involved. Alternatively, defendant contends that by agreement on the reverse side of the signature card, Circle Food agrees that the bank will not be bound by the provisions of LSA-R.S. 6:67. Finally, the bank contends it notified plaintiff of its dishonor of the forged checks within a reasonable time after learning of the forgery.
At the outset, we are not persuaded by the bank’s argument that LSA-R.S. 6:67 has no applicability to the instant case. The senior vice-president of the National American Bank testified that each branch of the bank maintains signature cards on its accounts but also that the main office maintains signature cards for accounts in each branch. The six checks were forwarded by the Broad-DeSoto branch to the main office on the day of receipt. At the main office, the checks were “processed”. “Processed” is defined in the record as “paid”, that is, “the last time that the bank would handle that check insofar as the transaction of taking the money out of one account and putting it in another”. Under these circumstances, transactions such as the instant one where checks are examined for forgery, the main office is used as a central clearing house for all branches. In such instances, we conclude LSA-R.S. 6:68(A)(3), supra, is not applicable. The bank, in this case, is bound by the provisions of LSA-R.S. 6:67.
Defendant, however, relying on sub-paragraph (B) of LSA-R.S. 6:68 which provides:
“B. The effect of R.S. 6:67 and this section may be varied by agreement.”
contends that Circle Food contracted away the effects of LSA-R.S. 6:67. According to defendant, the “agreement” found on the reverse side of plaintiff’s signature card, which provides:
“Checks, drafts and other items drawn on this office of this bank not paid for any reason as of the close of the business day on which they have been deposited may be charged back to the customer; and if drawn on any other office of this bank may be charged back to the customer if not finally paid at such office.”
does away with the requirement that the bank dishonor or refuse payment within the time prescribed by LSA-R.S. 6:67. We reject this contention.
As pointed out by plaintiff, each of the six checks was stamped “processed” (paid) at the main office on the date of its deposit. Furthermore, as hereinabove pointed out, checks from all branches are processed at the main office. Under the circumstances, we interpret the pertinent language in the agreement “ . . . and if drawn on any other office of this bank may be charged back to the customer if not finally paid at such office” to mean that the amount of the check may be charged back to the customer only until such time as the check is processed by the main office (which, in effect, constitutes payment at the other branches). Because the checks were paid when “processed” by the main branch, they were “finally paid” and cannot be charged back to the customer. Under the circumstances, we conclude the agreement is not applicable to the facts of our case.
Having concluded that the time requirement set forth in LSA-R.S. 6:67 is applicable to the facts in our case, we find no necessity to consider the bank’s contention that the checks were dishonored within a reasonable amount of time from receipt and detection of forgery.
*330 Defendant was required to dishonor or refuse payment of the six forged checks before midnight of its next business day after receipt of each check. Having failed to do so, the bank is liable to plaintiff. Accordingly, the judgment is affirmed.

AFFIRMED.

. LSA-R.S. 6:67, in pertinent part, provides as follows:
§ 67. Collection, payment and dishonor of demand items
“In any case in which a bank receives, other than for immediate payment over the counter, a demand item payable by, at or through such bank and gives credit therefor before midnight of the day of receipt, the bank may have until midnight of its next business day after receipt within which to honor or refuse payment of such item.
LSA-R.S. 6:67 and 6:68, infra, though effective at the time the petition was filed, have been repealed by Act 92 of 1974, effective January 1, 1975.